**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| BELINDA CURLER , DAVID GREENOUGH, and VINCENT DION, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IKO MANUFACTURING, INC., a Delaware corporation; IKO INDUSTRIES, LTD., a Canadian corporation; IKO SALES, LTD., a Canadian corporation; IKO PACIFIC, INC., a Washington corporation; and IKO CHICAGO, INC., an Illinois corporation,<br><br>Defendants. | No._____<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION<br><br>**JURY DEMAND** |

## I. INTRODUCTION

1.1     Plaintiffs, Belinda Curler, David Greenough, and Vincent Dion, (hereinafter Plaintiffs), bring this action on their behalf and on behalf of all similarly situated individuals and entities who own or owned homes, residences, buildings or other structures on which asphalt roofing shingles manufactured and distributed under various trade names by IKO Manufacturing, Inc., IKO Industries, Ltd., IKO Sales, Ltd., IKO Pacific, Inc., or IKO Chicago, Inc. (collectively "IKO" or "Defendant") were installed (the "Class").

1.2     The asphalt shingles manufactured and sold by IKO (the "Shingles"), are defectively designed and manufactured such that they fail prematurely causing damage to the property of Plaintiffs and members of the Class and forcing them to repair or replace their roofs sooner than reasonably expected.

1.3     Plaintiffs seek to recover, for themselves and the Class, the costs of repairing the damage to their property and replacing their roofs, or injunctive relief forcing IKO to replace their defective roofs.

1

83781.v1

## II.  PARTIES

**A.    Plaintiffs**

2.1    Plaintiff Belinda Curler is a citizen of Nevada, Iowa. Ms. Curler outfitted her home with IKO Shingles in approximately 2001.  She first became aware of the problem with her shingles in approximately 2004 when shingles began leaking, losing sand, and otherwise exhibiting signs of failure.  She had no reasonable way to discover the Shingles were defective until shortly before filing this Complaint. Plaintiff contacted IKO to make a warranty claim; however, the company failed to honor the warranty.

2.2    Plaintiff David Greenough is a citizen of North Hero, Vermont. Mr. Greenough purchased a new home outfitted with IKO Shingles in approximately 1994.  He first became aware of the problem with his shingles in approximately 2007 when he noticed his shingles cracking and otherwise failing.  He had no reasonable way to discover the Shingles were defective until shortly before filing this Complaint. The damage caused by the defect in the IKO shingles installed on Greenough's home was so severe that he was forced to replace his roof.

2.3    Plaintiff Vincent Dion is a citizen of West Springfield, Massachusetts. Mr. Dion purchased a home outfitted with IKO Shingles in approximately 1996, and installed additional shingles in approximately 2004 after he built an addition to his home.  He first became aware of the problem with his shingles in approximately 2009 when his roof began to leak.  Dion inspected his roof and noticed his shingles cracking, developing holes, losing sand, falling off the roof, and otherwise failing.  He had no reasonable way to discover the Shingles were defective until shortly before filing this Complaint.  Plaintiff contacted IKO to make a warranty claim; however, the company refused to honor the warranty.

83781.v1

2

**B.    Defendants**

2.4    Defendant IKO Manufacturing, Inc. is a Delaware corporation with significant business operations in Kankakee, Illinois, where it manufactures, sells, markets, and services IKO shingles.

2.5    Defendant IKO Industries, Ltd. is a leading North American manufacturer and distributor of roofing materials and the parent company of Defendant IKO Manufacturing. IKO Industries, Ltd. is the owner of several patents that may apply to the Shingles manufactured by IKO Manufacturing. The company operates manufacturing plants in the United States, including Illinois, as well as Canada and Europe.

2.6    Defendant IKO Sales, Ltd. is a leading North American manufacturer and distributor of roofing materials and the parent company of Defendants IKO Manufacturing and IKO Industries, Ltd. The company owns and operates manufacturing plants in the United States, Canada, and Europe.

2.7    Defendant IKO Pacific, Inc. is a Washington corporation with significant business operations located in Sumas, Washington. IKO Pacific, Inc. manufactures, distributes, and sells Shingles throughout the United States, including Vermont and Illinois.

2.8    Defendant IKO Chicago, Inc. is an Illinois corporation with significant business operations located in Kankakee, Illinois. IKO Chicago, Inc. manufactures, distributes, and sells Shingles throughout the United States, including Vermont and Illinois.

### III.  JURISDICTION AND VENUE

3.1    This is a proposed nationwide class action. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because the vast majority of class members are citizens of a state different from the home states of Defendants, and, on information and belief, the aggregate claims of individual class members exceed $5,000,000, exclusive of interest and costs.

3.2    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) because IKO has a manufacturing facility in Kankakee, Illinois, IKO has established sufficient contacts

3

1  through its marketing and selling the Shingles in this district to subject it to personal

2  jurisdiction in this district and a substantial part of the events or omissions giving rise to these

3  claims occurred in this district.

## IV. APPLICABLE LAW

5      4.1      Plaintiffs bring this action under Illinois law and the similar consumer protection

6  laws of the forty-nine other states and the District of Columbia.

7      4.2      No enforceable choice-of-law agreement governs here or compels the

8  application of different states' laws.

9      4.3      The proposed class includes individuals and entities who own IKO Shingles and

10 who reside in states that, on information and belief, comprise a significant percentage of IKO's

11 sales nationwide.  A common nucleus of factual and legal issues dominates this litigation.

12 Although some Class members may possess slightly differing remedies based on state statutory

13 or common law, the claims asserted by the Plaintiffs are predicated on the same core facts and

14 legal claims with substantially the same relevant elements.  To the extent distinct remedies may

15 exist, they are local variants of a generally homogenous collection of causes which include

16 actionable misrepresentation, unjust enrichment, and breach of express warranty.

17     4.4      Illinois has the most significant relationship with the parties and to the events

18 and occurrences that form the basis of the litigation.  IKO manufactures its product in Illinois

19 and distributes its product in Illinois.  On information and belief, thousands of Illinois residents

20 have purchased and own IKO Shingles that have experienced or will experience the Defects.

21     4.5      Illinois' interest in this action, which seeks to protect the rights and interests of

22 Illinois consumers and other U.S. residents, is greater than any other state.

23     4.6      Application of Illinois law is neither arbitrary nor fundamentally unfair, because

24 Illinois has significant contacts and a significant aggregation of contacts that create a state

25 interest in this litigation.

26

27

4

83781.v1

## V. FACTUAL ALLEGATIONS

5.1   IKO designs and manufactures asphalt roofing shingles. One of its major manufacturing facilities is located in Kankakee, Illinois.

5.2   IKO markets and sells the Shingles to tens of thousands of consumers throughout the United States under various brands and product names.

5.3   IKO markets and warrants all the Shingles, which are composed of asphalt, natural fibers, filler and mineral granules as durable, and as offering long-lasting protection for a specified life ranging from 25 to 50 years, or in some cases, for a lifetime.

5.4   IKO's sales brochures state the Shingles are, among other things, "[t]ime-tested and true" and "an excellent choice for exceptional roofing value."

5.5   IKO describes its warranty as "IRON CLAD" and claims it is "Setting the Standard" for "quality, durability, and innovation."

5.6   Unfortunately for Plaintiffs and thousands of consumers across the nation, IKO's Shingles have not lived up to that promise.

5.7   All of IKO's Shingles are uniformly defective such that Plaintiffs' and Class members' Shingles are failing before the time periods advertised, marketed, and guaranteed by IKO.

5.8   IKO did not adequately design, formulate, and test its Shingles before warranting, advertising, and selling them as durable and suitable for use as an exterior roofing product.

5.9   IKO knew or reasonably should have known the Shingles are defective as manufactured such that they fail prematurely due to moisture invasion. The Shingles crack, curl, blister, and otherwise deteriorate, blowing off roofs and not performing in accordance with the reasonable expectations of consumers that such products be durable and suitable for use as a roofing product.

5

83781.v1

1      5.10     As a result of these failures, Plaintiffs and the Class have suffered actual

2    damages in that the shingles on their homes, buildings, and other structures have and will

3    continue to fail prematurely, resulting in damage to the underlying roof and housing structure

4    and requiring them to expend thousands of dollars to repair the damage associated with the

5    incorporation of the Shingles into their homes, buildings, and other structures, and to prevent

6    such damage from continuing.

7      5.11     Damage caused by the defective Shingles has included, but is not limited to:

8    damage to underlying felt, damage to structural roof components, damage to plaster and

9    sheetrock, and damage to walls, ceiling, and structural components.

10      5.12     Despite receiving a litany of complaints from consumers, including Plaintiffs

11    and other members of the Class, IKO has refused to convey effective notice to consumers about

12    the defects, and refused to repair defective roofs fully or repair the property damaged by the

13    premature failure of its product.

14      5.13     Even if IKO responds to a compliant its warranty is woefully inadequate under

15    these circumstances in that it limits Plaintiffs' and Class members' recovery to replacement

16    costs of individual Shingles piece by piece and excludes costs of labor to replace to the

17    Shingles.

18      5.14     Because of the relatively small size of the typical individual Class member's

19    claims, and because most homeowners or property owners have only modest resources, it is

20    unlikely that individual Class members could afford to seek recovery against IKO on their own.

21    This is especially true in light of the size and resources of IKO.  A class action is, therefore, the

22    only reasonable means by which Class members can obtain relief from IKO.

23                                  **VI. TOLLING**

24      6.1     Because the defects in the Shingles are latent and not detectable until

25    manifestation, Plaintiffs and the Class members were not reasonably able to discover their

26    Shingles were defective until after installation, despite their exercise of due diligence.

27

83781.v1

1    6.2     IKO knew the Shingles were defective prior to the time of sale, and concealed

2  that material information from Plaintiffs and all consumers.

3    6.3     As such, any applicable statutes of limitation have been tolled by IKO's

4  concealment of material facts and IKO is estopped from relying on any such statutes of

5  limitation.

6            **VII.  CLASS ACTION ALLEGATIONS**

7    7.1     This action is brought and may be maintained as a class action pursuant to

8  Federal Rule of Civil Procedure 23, and case law thereunder, on behalf of Plaintiffs and all

9  others similarly situated, with the Class defined as follows:

10             All individuals and entities that have owned, own, or acquired
              homes, residences, buildings or other structures physically
11            located in the United States, on which IKO Shingles are or have
              been installed since 1979. IKO Shingles are defined to include
12            without limitation all asphalt shingles manufactured or
              distributed by Defendants. Excluded from the Class are
13            Defendant, any entity in which Defendant has a controlling
              interest or which has a controlling interest of Defendant, and
14            Defendant's legal representatives, assigns and successors. Also
              excluded are the judge to whom this case is assigned and any
15            member of the judge's immediate family.

16   7.2     Plaintiffs reserve the right to re-define the Class prior to class certification.

17   7.3     While the precise number of Class members is unknown to Plaintiffs, on

18  information and belief, Plaintiffs believe the number is in the thousands, geographically

19  dispersed across the country, such that joinder is impracticable. Disposition of these claims in

20  single class action will provide substantial benefits to all parties and the Court.

21   7.4     The claims of the representative Plaintiffs are typical of the claims of the Class

22  in that the representative Plaintiffs, and all Class members, own homes, residences, or other

23  structures on which defective Shingles manufactured by IKO have been installed. Those

24  Shingles have failed, and will continue to fail, prematurely. The representative Plaintiffs, like

25  all Class members, have been damaged by IKO's conduct in that they have incurred or will

26  incur the costs of repairing or replacing their roofs and repairing the additional property

27

7

83781.v1

1    damaged by the Shingles' premature failure.  Furthermore, the factual bases of IKO's conduct

2    is common to all Class members and represents a common thread of deliberate, fraudulent and

3    negligent misconduct resulting in injury to all members of the Class.

4        7.5    There are numerous questions of law and fact common to Plaintiffs and the

5    Class.  Those questions predominate over any questions that may affect individual Class

6    members, and include the following:

7        7.6    Whether IKO Shingles are defective in that they fail prematurely and are not

8    suitable for use as an exterior roofing product for the length of time advertised, marketed and

9    warranted;

10        7.7    Whether the Shingles are defectively designed or manufactured;

11        7.8    Whether IKO knew or should have known of the defective nature of the

12    Shingles;

13        7.9    Whether the Shingles failed to perform in accordance with the reasonable

14    expectations of ordinary consumers;

15        7.10    Whether the risks of the Shingles' failure outweigh the benefits, if any, of their

16    design;

17        7.11    Whether IKO properly warned consumers about the danger of premature

18    failure;

19        7.12    Whether the Shingles fail to perform as advertised and warranted;

20        7.13    Whether IKO's conduct in marketing and selling its Shingles was unfair and

21    deceptive.

22        7.14    Whether Plaintiffs and the Class are entitled to compensatory, exemplary and

23    statutory damages, and the amount of such damages; and

24        7.15    Whether IKO should be declared financially responsible for notifying all Class

25    members about their defective Shingles and for all damages associated with the incorporation

26    of such Shingles into Class members' homes, residences, buildings, and other structures.

27

83781.v1

1    7.16    Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs

2    have retained counsel with substantial experience in prosecuting statewide, multistate and

3    national consumer class actions, actions involving defective products, and specifically, actions

4    involving defective construction materials. Plaintiffs and their counsel are committed to

5    prosecuting this action vigorously on behalf of the Class they represent, and have the financial

6    resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the

7    Class.

8    7.17    Plaintiffs and the members of the Class have suffered and will continue to

9    suffer harm and damages as a result of IKO's conduct. A class action is superior to other

10    available methods for the fair and efficient adjudication of the controversy. Absent a class

11    action, the vast majority of the Class members likely would find the cost of litigating their

12    claims to be prohibitive, and would have no effective remedy at law. Because of the relatively

13    small size of the individual Class members' claims, it is likely that only a few Class members

14    could afford to seek legal redress for IKO's conduct. Further, the cost of litigation could well

15    equal or exceed any recovery.

16    7.18    Absent a class action, Class members will continue to incur damages without

17    remedy. Class treatment of common questions of law and fact would also be superior to

18    multiple individual actions or piecemeal litigation, in that class treatment would conserve the

19    resources of the courts and the litigants, and will promote consistency and efficiency of

20    adjudication.

21

22                           **VIII. FIRST CLAIM FOR RELIEF**
23                              **(Actionable Misrepresentation)**

24    8.1    Plaintiffs incorporate by reference each of the allegations contained in the

25    proceeding paragraphs of this Complaint.

26

27

83781.v1

1      8.2    IKO knew or should have known that its Shingles were defectively designed

2  and/or manufactured, would fail prematurely, were not suitable for their intended use, and

3  otherwise were not as warranted and represented.

4      8.3    IKO fraudulently, negligently, or recklessly concealed from or failed to disclose

5  to Plaintiffs and the Class the defective nature of its Shingles.

6      8.4    IKO had a duty to Plaintiffs and the Class to disclose the defective nature of its

7  Shingles because: (1) IKO was in a superior position to know the true facts about the design

8  and manufacturing defects in its Shingles because the design and manufacturing defects are

9  latent and would not appear until well after installation; (2) IKO made partial disclosures about

10  the quality of its Shingles without revealing their true defective nature; and (3) IKO actively

11  concealed the defective nature of its Shingles from Plaintiffs and the Class.

12      8.5    The facts concealed or not disclosed by IKO to Plaintiffs and the Class are

13  material facts in that a reasonable person would have considered those facts to be important in

14  deciding whether or not to purchase IKO's Shingles. Had Plaintiffs and the Class known the

15  defective nature of IKO's Shingles, they would not have purchased them or would have paid

16  less for them.

17      8.6    IKO intentionally, recklessly, or negligently concealed or failed to disclose the

18  true nature of the design and manufacturing defects in its Shingles for the purpose of inducing

19  Plaintiffs and the Class to act thereon, and Plaintiffs and the Class justifiably relied to their

20  detriment upon the truth and completeness of IKO's representations about its Shingles. This is

21  evidenced by Plaintiffs' and Class members' purchase of IKO Shingles.

22      8.7    IKO continued to conceal the defective nature of its Shingles even after

23  members of the Class began to report problems. Indeed, IKO continues to cover up and

24  conceal the true nature of the problem.

25      8.8    As a direct and proximate cause of IKO's misconduct, Plaintiffs and the Class

26  have suffered actual damages in that (1) their roofs constructed with IKO Shingles have failed

27

83781.v1

1   and will continue to fail prematurely, requiring them to expend money to repair or replace their

2   roofs and  repair damage to their underlying property.

3          8.9     As a result of IKO's misconduct, Plaintiffs and the Class are entitled to

4   compensatory damages, attorneys' fees, costs, and interest thereon.

5                      ## IX.  SECOND CLAIM FOR RELIEF
6                            ### (Breach of Express Warranty)

7          9.1     Plaintiffs incorporate by reference each of the allegations contained in the

8   preceding paragraphs of this Complaint.

9          9.2     IKO marketed the Shingles with the intent that the Shingles would be purchased

10   by Plaintiffs and members of the Class.

11          9.3     IKO expressly warranted that all of its Shingles would provide superior strength,

12   durability, wind and weather resistance, and would be free of manufacturing defects such that

13   they would last 20 to 50 years, and in some cases, as long as a lifetime.

14          9.4     IKO's express warranties related to material facts and were part of the basis of

15   the bargain Plaintiffs and members of the Class entered into when they purchased the Shingles.

16          9.5     IKO systematically breached its express warranties, in that the Shingles are

17   defective as manufactured such that they are not durable and are destined to fail prematurely.

18   The Shingles crack, split, curl, warp, discolor, delaminate, blow off, deteriorate prematurely,

19   and otherwise do not perform as warranted.

20          9.6     IKO has been on notice of its breach of express warranties though warranty

21   claims previously made.

22          9.7     In addition, IKO has systematically denied or failed to pay in full the warranty

23   claims.

24          9.8     As a direct result of the failure of the Shingles to perform as warranted,

25   Plaintiffs and the Class have incurred and will continue to incur expenses to diagnose, repair

26   and replace their roofs and to repair damage to underlying roof elements, structures or interiors.

27

11

83781.v1

9.9     Moreover, any contractual language contained in IKO's published warranties that attempts to disclaim express warranties or limit remedies is unconscionable, fails to conform to the requirements for limiting warranties on remedies under applicable law, causes the warranties to fail of their essential purpose, and is, thus, unconscionable and void.

## X.  THIRD CLAIM FOR RELIEF
**(Violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq.*)**

10.1     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

10.2     IKO engaged in unfair or deceptive practices in violation of Illinois' Consumer Fraud and Deceptive Business Practices Act  815 Ill. Comp. Stat. 505/1 *et seq.* (2008) (hereinafter, "CFA") when it (1) represented the Shingles were durable and free of defects when, at best, it lacked credible evidence to support  those claims, and, at worst, knew the Shingles would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented by IKO; (2) failed to disclose to, or concealed from, consumers material facts about the defective nature of the Shingles; (3) failed to disclose its own knowledge of the defective nature of the Shingles; and (4) limited its warranty obligations in an unfair and unconscionable way in light of its failure to disclose the defective nature of the Shingles.

10.3     IKO either knew or should have known its Shingles were defective, would fail prematurely and were not as warranted and represented by Defendants.

10.4     IKO's conduct and omissions described herein repeatedly occurred in IKO's trade or business and were capable of deceiving a substantial portion of the consuming pubic.

10.5     The facts concealed or not disclosed by IKO are material facts in that Plaintiffs and any reasonable consumer would have considered those facts important in deciding whether to purchase the Shingles or purchase homes or structures with roofs constructed with the

12

83781.v1

1   Shingles. Had Plaintiffs and the Class known the Shingles were defective and would fail

2   prematurely they would not have purchased the Shingles or they would have paid less.

3        10.6     IKO's unlawful conduct is continuing, with no indication that IKO will cease.

4        10.7     As a direct and proximate cause of IKO's violations of the CFA, described

5   above, Plaintiffs and members of the Class have been injured in that they purchased defective

6   Shingles that do not live up to reasonable consumer expectations and have failed, or will fail,

7   prematurely.

8        10.8     As a direct and proximate result of IKO's unfair and deceptive acts and

9   practices, Plaintiffs and the other members of the Class have and will suffer actual damages,

10   which include without limitation, costs to inspect, repair, or replace their Shingles and other

11   property in an amount to be determined at trial.

12        10.9     As a direct and proximate result of IKO's unfair and deceptive conduct

13   Plaintiffs and the Class are entitled to injunctive relief in the form of restitution and/or

14   disgorgement of funds paid to IKO, compensatory damages for the repair and replacement of

15   their roofing shingles and repair of their damaged property, punitive damages, and all other

16   relief to which they are entitled under the CFA.

17                       **XI.  FOURTH CLAIM FOR RELIEF**

18                           **(Unjust Enrichment)**

19        12.1     Plaintiffs incorporate by reference each of the allegations contained in the

20   preceding paragraphs of this Complaint.

21        12.2     Plaintiffs and the Class conferred a benefit upon IKO by paying it for IKO

22   Shingles.

23        12.3     IKO either knew or should have known that the payments rendered by Plaintiffs

24   and the Class were given and received with the expectation that the IKO Shingles would

25   perform as represented and warranted.  For IKO to retain the benefit of the payments under

26   these circumstances is inequitable.

27

13

83781.v1

1        12.4    As a result of IKO's wrongful conduct, Plaintiffs and the Class are entitled to

2 restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other

3 compensation obtained by IKO, plus attorneys' fees, costs, and interest thereon.

## XII.  PRAYER FOR RELIEF

5      WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,

6 request the Court to enter judgment against IKO, as follows:

7        A.     Enter an order certifying the proposed plaintiff Class, designating Plaintiffs as

8 the named representatives of the Class, and designating the undersigned as Class Counsel;

9        B.     Declare that IKO is financially responsible for notifying all Class members of

10 the problems with IKO products;

11        C.     Enter an order enjoining IKO from further deceptive advertising, marketing,

12 distribution, and sales practices with respect to IKO products, and requiring IKO to remove and

13 replace Plaintiffs' and Class members' roofs with a suitable alternative roofing material of

14 Plaintiffs' and Class members' choosing;

15        D.     Enter an award to Plaintiffs and the Class compensatory, exemplary, and

16 statutory damages, including interest thereon, in an amount to be proven at trial;

17        E.     Declare that IKO must disgorge, for the benefit of the Class, all or part of the ill-

18 gotten profits it received from the sale of IKO materials, or order IKO to make full restitution

19 to Plaintiffs and the members of the Class;

20        F.     Enter an award of attorneys' fees and costs, as allowed by law;

21        G.     Enter an award of pre-judgment and post-judgment interest, as provided by law;

22        H.     Grant Plaintiffs and the Class leave to amend the Complaint to conform to the

23 evidence produced at trial; and

24        I.     Grant such other or further relief as may be appropriate under the circumstances.

## XIII.  DEMAND FOR JURY TRIAL

26      Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues

27

14

83781.v1

1   in this action so triable of right.

2          DATED this 26th day of October, 2009.

3                                    Respectfully submitted,

4

5                                    ___/s/ Andrew J. Cross_____
6                                    Michael J. Flannery
                                     Andrew J. Cross
7                                    James J. Rosemergy
                                     CAREY & DANIS, LLC
8                                    8235 Forsyth, Suite 1100
                                     Clayton, MO 63105
9                                    Telephone: (314)725-7700
                                     Facsimile: (314)721-0905

10                                   ***Attorneys for Plaintiffs***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

15

83781.v1